[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 24, 2012
JOHN LEY
CLERK

No. 11-13009
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-00188-WS-M


DEBORAH D. PATRICK,

                                                    Plaintiff-Appellant,

versus

BISHOP STATE COMMUNITY COLLEGE,
DEPARTMENT OF POST SECONDARY EDUCATION,
STATE OF ALABAMA,

                                                    Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(April 24, 2012)

Before TJOFLAT, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

In January 2007, Bishop State Community College ("Bishop"), employed Deborah Patrick as a probationary employee to work as a full-time EMS Basis Instructor and Clinical Coordinator. In May 2008, her contract was not renewed. This, however, did not end her employment with Bishop; for, in the fall of 2008, she returned to the college as a part-time EMS adjunct instructor teaching the same courses she had taught as a full-time instructor.

In September 2009, Bishop, acting through its president, John Lowe, hired Carol Banks on a full-time basis. He did so even though Patrick was more qualified for the position. Claiming that Lowe gave the position to Banks because she is black and denied it to her because she is white and, thus, that she was the victim of racial discrimination,[1] Patrick sued Bishop and the Alabama Department of Post-Secondary Education for damages under 42 U.S.C. §§ 1981 and 1983.[2]

The defendants denied liability and moved the district court to grant them summary judgment. In entertaining their motion, the district court assumed that Patrick made out a *prima facie* case of discrimination under § 1981. The court accordingly turned to the reasons Bishop gave for denying Patrick the full-time position and, finding that they were legitimate and nondiscriminatory, considered

[1] Patrick alleged that Lowe's race—he is black—influenced his decision to hire Banks.

[2] Patrick sought relief under state law as well as §§ 1981 and 1983.

whether the record created a fact issue as to whether the reasons were a pretext for racial discrimination. The court determined that they were not and therefore granted summary judgment. Patrick now appeals its decision.[3]

The issue the parties's briefs focus on in this appeal is whether Patrick presented sufficient evidence to demonstrate that Bishop's proffered reasons for failing to promote her to full-time status—budgetary constraints and its belief that she could successfully teach her courses part-time—were pretexts for racial discrimination. Patrick argues that the proffered reasons were pretextual because they were inconsistent with each other and, moreover, were inconsistent with Bishop's decision to hire a full-time African-American instructor during the alleged period of financial distress.[4]

We review a district court's grant of summary judgment *de novo*, applying the same legal standard used by the district court and drawing all factual inferences in the light most favorable to the non-moving party. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). Summary judgment is appropriate where there are no

---

[3] There is nothing whatever in the record to make out a case against the Department of Post-Secondary Education. The Department is therefore not mentioned in our ensuing discussion.

[4] Patrick's brief effectively abandons any challenge Patrick may have had to the district court's disposition of her § 1983 and state law claims. *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). Moreover, since we agree with the court's rationale for granting summary judgment, we need not address the question of whether Bishop was amenable to suit under § 1981.

genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.* Once the moving party meets its burden of production, "the nonmoving party must present evidence beyond the pleadings showing that a reasonable jury could find in its favor." *Id.* (citation omitted). "Speculation does not create a *genuine* issue of fact." *Id.* (citation omitted). "A mere scintilla of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Brooks v. County Comm'n of Jefferson County, Ala.*, 446 F.3d 1160, 1162 (11th Cir. 2006) (quotation omitted).

Under 42 U.S.C. § 1981,

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

Discrimination claims brought under section 1981 "have the same requirements of proof and use the same analytical framework" as those brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a). *Springer v. Convergys Customer Mgmt. Group*, 509 F.3d 1344, 1347 n.1 (11th Cir. 2007).

When reviewing discrimination claims that are supported by circumstantial

4

evidence, we employ the three-step burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). *See Scott v. Suncoast Beverage Sales, Ltd.*, 295 F.3d 1223, 1228 (11th Cir. 2002). Under this analysis, a plaintiff is initially required to establish a *prima facie* case of discrimination. *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824. Assuming that she is able to do so, the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason(s) for the adverse employment action. *Id.* at 802-03, 93 S.Ct. at 1824. If the employer does this, the plaintiff, whose burden it is to prove the discrimination she has alleged, must establish that the employer's articulated reason(s) is merely a pretext for discrimination. *Id.* at 804, 93 S.Ct. at 1825. Here, as indicated above, only step three of the framework is at issue—whether Patrick established that Bishop's articulated reasons for not promoting her to full-time status amounted to a pretext for discrimination.

Pretext means that the reasons given by the employer were not the real reasons for the adverse employment decision. *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1298 (11th Cir. 2006). A reason cannot be a "pretext *for discrimination* unless it is shown *both* that the reason was false, *and* that discrimination was the real reason." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502,

5

515, 113 S.Ct. 2742, 2752, 125 L.Ed.2d 407 (1993) (quotation omitted).  If the proffered reason is one that might motivate a reasonable employer, a plaintiff cannot merely recast the reason, but must "meet it head on and rebut it."  *Chapman v. AI Transport*, 229 F.3d 1012, 1030 (11th Cir. 2000) (*en banc*).

A plaintiff will withstand summary judgment by demonstrating that a reasonable factfinder could find unworthy of credence the "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action."  *Jackson v. Ala. State Tenure Comm'n*, 405 F.3d 1276, 1289 (11th Cir. 2005).  In deciding whether a plaintiff has made such a showing, however, we must bear in mind that we do not sit as a "super personnel department."  We will not second-guess the business judgment of the employer,  *Chapman*, 229 F.3d at 1030 (citations omitted); indeed, we are "not in the business of adjudging whether employment decisions are prudent or fair.  Instead, [our] sole concern is whether unlawful discriminatory animus motivates a challenged employment decision."  *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1361 (11th Cir.1999).  As such, the inquiry into whether an employer's proffered reasons amounted to a pretext for discrimination centers on the employer's beliefs, not the beliefs of the employee, or even objective reality.  *Alvarez v. Royal Atlantic Developers, Inc.*, 610 F.3d 1253, 1266 (11th Cir. 2010).

In this case, the plaintiff failed to establish that the employer's proffered reasons for refusing to hire her full-time were pretexts for race discrimination. The evidence showed that the Bishop was facing serious financial difficulties during the relevant time period, and its president reasonably believed that Patrick could successfully teach her courses as a part-time instructor. We agree with the district court that these reasons are not inconsistent, but, instead, are complementary. Moreover, the hiring of Patrick's comparator, Banks, was not inconsistent with Bishop's financial condition, because the college hired Banks only after one of its accrediting agencies required it to do so. Patrick also failed to demonstrate that racial discrimination was the real reason for Bishop's refusal to return her to full-time status. The only evidence she presented was that Bishop hired an African American in a full-time capacity at the time it was suffering from financial difficulties. Summary judgment was appropriate under the circumstances. The district court's judgment is, accordingly,

AFFIRMED.